EDWARD McNAMARA, Respondent, v. THE BROOKLYN CITY RAILROAD Co., Appellant.

(City Court of Brooklyn — General Term, March, 1895.)]

A mere preponderance in the number of witnesses is not sufficient to justify the setting aside of a verdict as against the weight of evidence.

It is the duty of a street railroad company to furnish adequate brakes for its cars, and to keep them in proper order, and it cannot discharge itself from the consequences of a failure to perform that duty by directing its servants or agents to do it, and then, if it is left unperformed, shield itself from liability on the ground that the injuries caused thereby were due to the negligence of a fellow-servant.

APPEAL from judgment in favor of the plaintiff, entered upon a verdict, and from an order denying a motion for a new trial on the minutes.

*Morris & Whitehouse*, for appellant.

*James & Thomas H. Troy,* for respondent.

OSBORNE, J. Plaintiff was a conductor on one of defendant's trolley cars running on its Third avenue line to Fort Hamilton, when, on October 11, 1892, another trolley car of the same line (No. 800) approached from the rear and crashed

into the car of which plaintiff was conductor, and severely injured him. This action was brought to recover damages for such injuries on the ground that the collision was due to defective brakes on the car which ran into plaintiff's car, and that, by reason of such defective brakes, the motorman in charge of the colliding car was unable to stop his car in time to avoid a collision.

The evidence of the motorman who had been running the car with the alleged defective brakes was to the effect that, on a previous trip, he had found that the brakes on his car would not work properly, and had so informed his conductor; that on a subsequent trip he started from Twenty-fifth street and Third avenue to go to Fort Hamilton; that by the time he got as far as Sixty-fifth street he found his brake so inefficient that he determined to turn back; that he returned to the defendant's repair shop on Twenty-sixth street, ran his car in there over a pit, called the attention of the man in charge there to the condition of the brakes, and one of the workmen was then directed by the man in charge to examine the car and see what was the matter with it; that this workman got under the car and, after examining it for four or five minutes, told the motorman the car was all right and to run it; that the motorman accordingly started out again with the car, still finding trouble with his brakes, and, on the second trip thereafter, as he approached plaintiff's car next in front of him, he was unable to stop his car on account of the failure of the brakes to work, and the collision ensued by which plaintiff was injured. Defendant put a number of its employees on the stand to disprove this story of the motorman, including the conductor of the alleged defective car, starters at Twenty-fifth and at Sixty-fifth streets, and the man in charge of the repair shop, all of whom contradicted the motorman's evidence. It also called other motormen as witnesses to endeavor to show that, when they used the car in question the preceding month, its brakes were in good order.

We are asked to reverse this judgment on the ground that it was against the weight of evidence. It does not seem to us

to be our duty so to do.   There was some corroboration of the story of the motorman in the evidence of the conductor. The latter admitted that in the morning, on an earlier trip, he found fault with the motorman for not promptly stopping the car when signaled to stop, and that the motorman then told him that he could not stop the car because the brakes failed to work properly, and the conductor likewise admitted that, in such case, it was his duty to report the car, but that, on this occasion, he failed to do so.   The conductor's trip slip for that day was also put in evidence by defendant, and that contained some corroboration of the motorman's testimony as to his returning to Twenty-fifth street before making a round trip. Notwithstanding the preponderance in numbers of witnesses for the defendant, there is no such preponderance of evidence here as would justify us in setting aside, as against the weight of evidence, the verdict of a jury who saw the witnesses on both sides, heard them testify, and who are better qualified to judge of their credibility from their appearance and conduct on the witness stand than we are from reading their evidence in print.

There can be no question but that the evidence adduced by the plaintiff, credited as it was by the jury, made out a condition of affairs which would render the defendant liable.   Its duty unquestionably was to furnish adequate brakes for its cars and to keep them in proper order, and it cannot discharge itself from the consequences of a failure to perform that duty by directing its servants or agents to do it, and then, when the duty is left unperformed, shield itself from liability on the ground that the injuries complained of were due to the negligence of a fellow-servant.  *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38; *Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 id. 566.

No exception was taken to the charge as requested by plaintiff's counsel at folio 296, and we are not, therefore, called upon to consider it.

The judgment appealed from and order denying motion for a new trial must be affirmed, with costs.

CLEMENT, Ch. J., concurs.

Judgment and order affirmed, with costs.